IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02120-BNB

MICHAEL ORLANDO ROLLIE,

      Applicant,

v.

FRANCES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Michael Orlando Rollie, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Skyline Correctional

Center in Cañon City, Colorado.  Mr. Rollie initiated this action by filing *pro se* on August

10, 2012, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF

No. 1) challenging the validity of his Colorado conviction in Boulder County District

Court Case No. 96CR677.  On September 6, 2012, he cured a deficiency in the case by

filing an amended § 2254 application (ECF No. 5) that sued the proper Respondents.

Mr. Rollie has paid the $5.00 filing fee.

On October 16, 2012, Magistrate Judge Boyd N. Boland directed Respondents to

file a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A).  ECF No. 9.  On November 26, 2012, after being granted an extension of

time, Respondents submitted their pre-answer response (ECF No. 14).  On February 4,

2013, after being granted an extension of time, Mr. Rollie filed a reply (ECF No. 19) to the pre-answer response.

The Court must construe Mr. Rollie's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of jurisdiction and as barred by the one-year limitation period.

The Colorado Court of Appeals summarized the state court proceedings in Boulder County District Court Case No. 96CR677 as follows:

> In November 1996, defendant was convicted on a jury verdict of first degree assault, third degree assault, menacing, reckless endangerment, prohibited use of a weapon (reckless discharge), and prohibited use of a weapon (possession under the influence).
>
> In April 1997, the trial court granted defendant's motion for a new trial based on the court's failure to instruct the jury on provocation. The order granting a new trial was affirmed on appeal. *See People v. Rollie*, (Colo. App. No. 97CA0850, May 7, 1998) (not published pursuant to C.A.R. 35(f)).
>
> In April 1999, defendant pleaded guilty to menacing; and, on June 4, 1999, the trial court sentenced him to thirty months in the custody of the Department of Corrections (DOC). Thereafter, the trial court granted defendant's motion for reconsideration of his sentence under Crim. P. 35(b), reducing his sentence to eighteen months in the custody of the DOC.
>
> In March 2010, defendant filed a Crim. P. 35(c) motion, arguing that (1) his plea counsel was ineffective because he incorrectly advised him that, if he went to trial, there would be no possibility of an acquittal and a heat of

passion instruction would only mitigate the conviction to a class five felony; and (2) the trial court failed to advise him of his constitutional rights and the elements of the crime to which he pled guilty.  Defendant acknowledged that his motion was untimely but alleged there was justifiable excuse or excusable neglect because his counsel was ineffective and he did not know that his conviction was constitutionally infirm.

On June 18, 2010, the trial court denied defendant's motion as time barred, finding that defendant did not "allege facts which, if true, would establish justifiable excuse or excusable neglect" because "the ineffectiveness of his [plea] counsel [had] no bearing on the reasonableness of [his] delay in filing a post-conviction motion."  The court further found that neither "the lack of any 'present need' to collaterally attack a prior conviction, nor the recent discovery of a legal basis for a collateral attack, constitute[d] justifiable excuse or excusable neglect."

On June 30, 2010, defendant filed a pro se "Petition for Crim. P. 35(c) Rehearing," requesting that the court reconsider its finding that there was no justifiable excuse or excusable neglect for the late filing of his Crim. P. 35(c) motion.  Defendant alleged that, in a subsequent criminal case that arose in 2006 (2006 case), the trial court's "fail[ure] to litigate the constitutional admissibility" of his 1999 conviction gave him the present need to challenge the conviction under Crim. P. 35(c) and that he asked his defense counsel in the 2006 case to file a Crim. P. 35(c) motion challenging the prior conviction but counsel did not do so.

On August 17, 2010, the trial court denied defendant's motion, again finding that defendant failed to establish justifiable excuse or excusable neglect because the new allegations did not show why he could not have filed a postconviction motion within the three-year limitations period.

On October 13, 2010, defendant appealed the trial court's June 18, 2010, and August 17, 2010, orders, along with a request to accept the notice of appeal as timely filed. On November 12, 2010, the motions division of this court dismissed the appeal as to the June 18, 2010, order but

3

accepted the notice of appeal as timely with regard to the
August 17, 2010, order.

ECF No. 14, ex. C (*People v. Rollie*, No. 10CA2111 (Colo. Ct. App. Dec. 22, 2011)) at
2-5.

The Colorado Court of Appeals affirmed the trial court's denial of Mr. Rollie's

petition for rehearing of the court order denying his postconviction motion pursuant to

Rule 35(c) of the Colorado Rules of Criminal Procedure.  ECF No. 14, ex. C.  On May

29, 2012, the Colorado Supreme Court denied certiorari review.  ECF No. 14, ex. E.  On

August 10, 2012, Mr. Rollie filed his original habeas corpus application (ECF No. 1) in

this Court.  On September 5, 2012, he filed his amended application (ECF No. 5).

In the amended application, Mr. Rollie asserts five claims:

(1)     The reinstatement of trial counsel after the trial court found counsel
        to be ineffective violated his Sixth and Fourteenth amendment
        rights to conflict-free counsel (ECF No. 5 at 5-6);

(2)     The trial court and trial counsel failed to advise him of his
        constitutional rights pursuant to Colo. R. Crim. P. 32(c) and Colo.
        R. Crim. P. 35(c), causing the conviction in No. 96CR677 to be
        constitutionally invalid (ECF No. 5 at 6-8);

(3)     "The defendant has a present need pursuant to the IV ABA
        Standards for Criminal Justice §22.2-4 (2d ed. 1986) (ABA
        Standards), when the challenged conviction, 96CR677, was used
        against him and was a factor in sentencing in his Denver criminal
        case which is pending on appeal in 08CA391" (ECF No. 5 at 8-10);

(4)     "When the defendant was not allowed an opportunity to ensure that
        the unconstitutional conviction, 96CR677, was not used against him
        in his Denver criminal case which is pending on appeal in,
        08CA391, his due process of law right was violated" (ECF No. 5 at
        10-12); and

(5)     "The Defendant's guilty plea to the menacing charge was not
        knowingly entered" (ECF No. 5 at 12-13).

4

Respondents argue that Mr. Rollie fails to meet the "in custody" requirement under § 2254(a) because the conviction he challenges has expired and he fails to allege adequately any exception to the custody requirement.

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a). "The 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). "[O]nce a prisoner's sentence expires, he [or she] is no longer 'in custody' under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254." *Broomes*, 358 F.3d 1254 (citing *Maleng*, 490 U.S. at 492).

The expired-conviction rule does not apply where the application asserts a challenge to a sentence currently being served that is enhanced by an allegedly invalid, fully expired, prior conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). Although a *pro se* pleading is to be read liberally, a statement of intent to challenge a current sentence, though fleeting, must be explicit. *Compare McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (habeas corpus application fairly could be read to assert challenge to later sentence where footnote asserting that because 2001 convictions were used to enhance 2004 sentence, application was filed in part to attack that enhancement), *with Neiberger v. Rudek*, 450 F. App'x 719, 725 (10th Cir. 2011) (application could not fairly be read to assert challenge to later sentence

where applicant failed to identify later criminal sentence or make a particularized argument that the later sentence was enhanced by the earlier convictions; the application stated merely that "anytime a prior conviction is used to enhance[,] it is always open for collateral attack"; and on appeal there was "a fleeting suggestion that 'Judgments and Sentences' — presumably those obtained in 1984 — were 'used to enhance punishment in this case being appealed'").

In the instant action, Mr. Rollie was resentenced on February 1, 2000, to 18 months of prison and credited with 339 days of time served.  ECF No. 14, ex. A at 11. In addition, he was required to serve two years of mandatory parole.  ECF No. 14, ex. A at 5.  As such, Mr. Rollie's sentence has expired, and he no longer is in custody pursuant to the conviction he is challenging.

Moreover, Mr. Rollie fails to allege any exception to the custody requirement. The amended application refers to his current sentence, but only in the context of establishing justifiable excuse for his untimely state postconviction challenge to his conviction in No. 96CR677.  ECF No. 5 at 8-12.  Nowhere — not even in part — does the application attack his current sentence.  The application lists only Boulder County District Court Case No 96CR677 as the conviction under attack.  ECF No. 5 at 1-4.  The application offers no argument challenging the constitutionality of his current conviction or sentence.  Nor could the application properly attack the current sentence, as Mr. Rollie concedes the challenge to his current conviction is pending.  ECF No. 5 at 8-10, 12.  As such, any such challenge to the current sentence would be unexhausted. Because the application cannot fairly be read to challenge the current sentence, Mr. Rollie is not in custody on the 1996 conviction being challenged.  This Court lacks

jurisdiction to consider the instant application.

Respondents also argue that this action is barred by the one-year limitation

period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

>  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine

when the judgment of conviction in Mr. Rollie's criminal case became final.  The

sentence in Mr. Rollie's criminal case was entered on June 4, 1999, when he was sentenced to thirty months in the DOC. Because Mr. Rollie did not file a direct appeal, the Court finds that his conviction became final on July 19, 1999, forty-five days after he was sentenced. *See* Colo. App. R. 4(b) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). As such, the one-year statute of limitations began to run on July 20, 1999, the next business day after the conclusion of the time to appeal, and expired 365 days later on July 19, 2000.

The Court next must determine whether any of Mr. Rollie's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a post-conviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Rollie filed his Colo. R. Crim. P. 35(b) motion for sentence reconsideration on June 8, 1999, in the trial court, which reduced his sentence to 18 months on February 1, 2000, before the limitations period expired. ECF No. 14, ex. A at 11. The limitations

8

period then ran for 3,702 days before Mr. Rollie, on March 22, 2010, filed his first Colo.

R. Crim. P. 35(c) motion, which the trial court denied as time-barred on June 18, 2010.

ECF No. 14, ex. A at 11.  Because the limitations period expired before Mr. Rollie filed

his first Colo. R. Crim. P. 35(c) postconviction motion, the motion did not toll the

limitations period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only

state petitions for post-conviction relief filed within the one year allowed by [the

Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of

limitations.").

Mr. Rollie's resentencing on February 1, 2000, to 18 months of incarceration

does not change the analysis because his claims relate only to the original judgment of

conviction and do not challenge the new sentence.  As such, a later triggering date does

not apply under § 2244(d)(1)(D), which permits the limitations period "to run in

accordance with individual circumstances that could reasonably affect the availability of

the remedy," provided the applicant diligently pursued his claims.  *Miller v. Marr*, 141

F.3d 976, 978 (10th Cir. 1998).

Resentencing starts a new limitations period for federal habeas purposes only

with regard to claims related to the new judgment and sentence.  *See Prendergast v.

Clements*, 699 F.3d 1182, 1185-88 (10th Cir. 2012); *see also Zack v. Tucker*, 704 F.3d

917, 918 (11th Cir. 2013) (collecting cases including *Prendergast*) (federal statute of

limitations requires a claim-by-claim approach to determine timeliness), *overruling

Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) (resentencing restarts statute of

limitations for all claims of habeas application); *Bachman v. Bagley*, 487 F.3d 979, 982

(6th Cir. 2007) (applicant's designation as sexual predator did not restart statute of

9

limitations, as all federal habeas claims related to original judgment); *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (timeliness of habeas corpus claims should be determined on a claim-by-claim basis).

Even if Mr. Rollie's new sentence imposed on February 1, 2000, did trigger a new one-year limitation period, the instant application still would be untimely. The new limitations period would have begun on March 17, 2000, forty-five days after the time expired to appeal the new sentence. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Rollie had forty-five days to file a notice of appeal after he was resentenced. The new limitations period would have run unabated until it expired one year later on March 17, 2001. The limitations period then would have run for 3,292 days before Mr. Rollie on March 22, 2010, filed his first Colo. R. Crim. P. 35(c) motion, which the trial court denied as time-barred on June 18, 2010. As a result, the instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.  Mr. Rollie's ignorance of the law does not justify the extraordinary remedy of equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

In his reply (ECF No. 19) to the pre-answer response, Mr. Rollie fails to argue that equitable tolling is appropriate in the instant action, arguing instead that his application is filed in a timely manner and making vague allegations about how his conviction somehow no longer was final when the state appeals court reopened direct review of his conviction.  Mr. Rollie's explanation is insufficient to account for his failure

to file the instant § 2254 application within the one-year limitation period dictated by § 2244(d).  Accordingly, Mr. Rollie has failed to raise any convincing reason for this Court to toll the one-year limitation period.  Therefore, under § 2244(d), Mr. Rollie is time-barred from filing a federal habeas corpus action in this Court.  Because the action is time-barred, the Court will refrain from addressing whether Mr. Rollie has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Rollie files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed for lack of jurisdiction and as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  15th  day of  ___May_____, 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court